## IN THE UNITED STATES DISTRICT COURT

## STATE OF SOUTH CAROLINA

## FLORENCE DIVISION

| | | |
|---|---|---|
| Linda L. Emanuel, as Personal Representative of the Estate of Danny Ray Emanuel, Deceased, | ) ) ) ) | Case No.: _____ (Formerly C/A No.:  2018-CP-45-00166) |
| Plaintiff, | ) ) | |
| v. | ) ) | DEFENDANT'S |
| Packers Sanitation Services, Inc., Ltd., | ) ) ) | ANSWER |
| Defendant. | ) ) ) | (JURY TRIAL DEMANDED) |

**COMES NOW,** Defendant, Packers Sanitation Services, Inc., Ltd. ("Defendant"), by and through its undersigned attorneys, answering the Answer to Plaintiff's Complaint and would allege and show unto the Court:

### <u>FOR A FIRST DEFENSE</u>

1.     Each and every allegation not specifically admitted herein is denied.

2.     Defendant lacks sufficient knowledge and information to respond to Paragraph 1-3, and demands strict proof thereof.

3.     Paragraph 4 is a legal conclusion and requires no response from Defendant.  To the extent a response is required, Defendant denies Paragraph 4 and demands strict proof thereof.

4.     Defendant admits the allegations in Paragraph 5.

5.     Defendant lacks sufficient knowledge and information to respond to Paragraphs 6-9, and demands strict proof thereof.

6.     Responding to Paragraph 10, Defendant re-alleges the preceding paragraphs and incorporate herein by reference.

7.     Defendant lacks sufficient knowledge and information to respond to Paragraphs 11-18 and demands strict proof thereof.

8.     Responding to Paragraph 19, Defendant re-alleges the preceding paragraphs and incorporate herein by reference.

9.     Denies the allegations contained in Paragraphs 20-22, and demands strict proof thereof.

10.     Responding to Paragraph 23, Defendant re-alleges the preceding paragraphs and incorporate herein by reference.

11.     Paragraph 24 is a legal conclusion and requires no response from Defendant.  To the extent a response is required, Defendant denies Paragraph 24 and demands strict proof thereof.

12.     Defendant denies the allegations of Paragraph 25.

13.     Responding to Paragraph 26, Defendant re-alleges the preceding paragraphs and incorporate herein by reference.

14.     Paragraph 27 is a legal conclusion and requires no response from Defendant.  To the extent a response is required, Defendant denies Paragraph 24 and demands strict proof thereof.

15.     Defendant denies the allegations contained in Paragraphs 28 and 29.

16.     Defendant denies the allegations contained in the unnumbered Paragraph beginning with WHEREFORE.

## FOR A SECOND DEFENSE
### (Failure to State a Claim)

17.     Paragraphs 1 through 16 are hereby re-alleged and incorporated herein by reference.

18.     Defendant would show that the Complaint should be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Comparative Negligence)

19.     Paragraphs 1 through 18 are hereby re-alleged and incorporated herein by reference.

20.     Defendant would show that such injury or damages as Plaintiff has sustained, if any, was due or cause on occasion by Plaintiff's own comparative negligence and/or recklessness, and as such, any award should be reduced proportionately in accordance with the South Carolina Rules and case law regarding comparative negligence.

## FOR A FOURTH DEFENSE
### (Physical Infirmities)

21.     Paragraphs 1 through 20 are hereby re-alleged and incorporated herein by reference.

22.     Any injury or damage sustained by Plaintiff as a result of the matters alleged in the Complaint was due to and caused by Plaintiff's physical infirmities and a natural disease process, and Defendant  plead such physical infirmities and natural disease process as a complete bar to this action.

## FOR A FIFTH DEFENSE
### (Estoppel)

23.     Paragraphs 1 through 22 are hereby re-alleged and incorporated herein by reference.

24.     The allegations of the Complaint are barred by the Doctrine of Estoppel.

## FOR A SIXTH DEFENSE
### (Release)

25.     Paragraphs 1 through 15 are hereby re-alleged and incorporated herein by reference.

26.     The allegations in this Complaint are barred by the Doctrine of Release.

## FOR A SEVENTH DEFENSE
### (Consent)

27.     Paragraphs 1 through 26 are hereby re-alleged an incorporated herein by reference.

28.     The allegations in this Complaint are barred by the Doctrine of Consent

## FOR AN EIGHTH DEFENSE
### (Waiver)

29.     Paragraphs 1 through 28 are hereby re-alleged an incorporated herein by reference.

30.     The allegations in this Complaint are barred by the Doctrine of Waiver.

## FOR A NINTH DEFENSE
### (Negligence by Third Party)

31.     Paragraphs 1 through 30 are hereby re-alleged and incorporated herein by reference.

32.     Plaintiff's injuries were caused in whole by the negligence of a third party.

## FOR A TENTH DEFENSE
### (Sole Acts by Another Party)

33.     Paragraphs 1 through 32 are hereby re-alleged and incorporated herein by reference.

34.     That any injury or damage sustained by Plaintiff was caused by the sole acts or omissions of some person or persons over whom Defendant had no authority or control and, for that reason, Defendant are not liable to Plaintiff for any sum whatsoever.

## FOR AN ELEVENTH  DEFENSE
### (Punitive Damages)

35.     Paragraphs 1 through 34 are hereby re-alleged and incorporated herein by reference.

36.     Defendant would show the claim for punitive damages cannot be had because any award of punitive damages under South Carolina law without bifurcation of the trial so any punitive damages issues are tried only after, and if, liability on the merits of this action has been found will violate this Defendant's due process rights guaranteed by the United States Constitution and the South Carolina Constitution, and would violate the common law and public policy of the State of South Carolina.

37.     Defendant would show the claim of punitive damages cannot be had because any award of punitive damages under South Carolina law without being subject to a predetermined limit on the amount of punitive damages a jury might impose would violate the common law of the State of South Carolina.

38.     Defendant alleges the claim of Plaintiff's for punitive damages cannot be had because an award of punitive damages under South Carolina law by a jury that is not:

a.     Provided with sufficiently clear standards for determining the appropriateness of a punitive damage award or the size of such award;

b.     Provided with adequate instructions as to the limits of punitive damages awards as determined by the principles underlying such an award;

c.     Instructed awarding punitive damages on invidiously discriminatory characteristics of the Defendant is improper;

d.     Instructed to consider punitive damages under a statue for determining the amount that is neither vague, arbitrary, nor capricious and that defines with reasonable clarity the actions of Defendant upon which an award of punitive damages may be based; and

e.     Subjected to judicial review at both the trial and appellate court level under objective standards for determining appropriateness and reasonableness.

<u>FOR A TWELFTH DEFENSE</u>
**(Sudden Emergency)**

39.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

40.     Even assuming Defendant was negligent in any respect, which is expressly denied, the Defendant would show that the Plaintiff's injuries or losses were the result of and reaction to a sudden emergency over which Defendant had no control and, therefore, Plaintiff's action is barred.

6

## FOR A THIRTEENTH DEFENSE
### (Assumption of Known Risk)

41.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

42.    The Defendant would show that the PlaintiffD knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, the Defendant would plead the doctrine of assumption of a known risk as a complete bar to this action.

## FOR A FOURTEENTH DEFENSE
### (Unavoidable Accident)

43.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

44.    The Defendant would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, was not due to or caused by the negligence on the part of the Defendant, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

## FOR A FIFTEENTH DEFENSE
### (Statute of Limitations)

45.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

46.    The Defendant would show that this action is barred by the applicable Statute of Limitations.

## FOR A TENTH DEFENSE
### (Spoliation)

47.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

48.     The Defendants would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

## FOR A SIXTEENTH DEFENSE
### (Venue)

49.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

50.     Defendant would show that venue is improper in the Williamsburg County Court of Common Pleas.

## FOR A SEVENTEENTH DEFENSE
### (Statutory Employee)

51.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

52.     Defendant would show the Plaintiff's Complaint is barred on the grounds the decedent was Defendant's statutory employee.

## FOR AN EIGHTEENTH DEFENSE
### (Injury by Fellow Servant)

53.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

54.     Defendant would show that Plaintiff's Complaint is barred on the grounds decedent was injured by the actions of a fellow servant.

## **FOR A NINETEENTH DEFENSE**

55.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

56.     Defendant reserves the right to allege additional affirmative defenses or to withdraw affirmative defenses as listed above as additional facts and circumstances are learned throughout discovery.

**WHEREFORE,** Defendant, having answered Plaintiff's Complaint prays the Court grant the following relief:

1.     Dismiss Plaintiff's Complaint;

2.     Declare Plaintiff have and recover nothing of Defendant;

3.     Award Defendant's costs in defending this action;

4.     Declare that all issues of fact, if any, be determined by a jury; and

5.     Award such other and further relief as this Court deems just and proper.

Defendant demands a jury trial.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

/s/Richard E. McLawhorn
Mark S. Barrow, Fed. I.D. No. 1220
Richard McLawhorn, Fed I.D. No. 100179
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233
msb@swblaw.com and rem@swblaw.com

**ATTORNEYS FOR THE DEFENDANT**

May 21, 2018

Columbia, South Carolina